IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATRICE CRATER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   1:18-cv-00600 |
| MED-1 SOLUTIONS LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES**, KATRICE CRATER, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, MED-1 SOLUTIONS LLC, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

3. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Southern District of Indiana.

## PARTIES

5. KATRICE CRATER ("Crater") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 555 South Harris Avenue, Indianapolis, Indiana 46222.

6. Crater is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. MED-1 SOLUTIONS LLC ("Med-1 Solutions") provides billing assistance to the health care industry. The Company's services include collections, pre-collections, legal and judgment recovery, and billing assistance. Med-1 Solutions offers legal services in addition to its billing and collections services.

8. Med-1 Solutions is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Med-1 Solutions uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In December, 2017, Med-1 Solutions initiated a relentless telephone harassment campaign in an effort to collect delinquent medical debt owed by Crater.

11. At all times relevant, Crater was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4198.

12. On December 11, 2017, Crater answered and was received by a pause, click, and dead air before being connected to a representative.

13. Specifically, there was a clear pause between the time Crater said "hello," and the time that a representative introduced them self.

14. Crater advised the Med-1 Solutions representative her inability to pay, and demanded that they stop calling.

15. Crater's demand that Med-1 Solutions cease calls to her cellular telephone fell on deaf ears and Med-1 Solutions continued to place collection calls to Crater's cellular telephone.

16. In total, Med-1 Solutions placed no less than 10 collection calls to Crater's cellular telephone after she asked that the calls cease.

17. Upon information and belief, Med-1 Solutions placed the collection calls to Crater's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the credit servicing industry to collect delinquent medical accounts.

18. Med-1 Solutions placed calls to Crater's cellular telephones from the numbers (877) 286-7421 and (877) 228-7676.

19. At all times relevant, Crater was financially responsible for her cellular telephone equipment and services.

## DAMAGES

20. Med-1 Solutions' collection calls have severely disrupted Crater's everyday life and overall well-being.

21. Med-1 Solutions' collection calls have resulted in intrusion and occupation of Crater's cellular services, thus impeding receipt of other calls.

22. Med-1 Solutions' collection calls have resulted in unnecessary depletion of Crater's cellular battery requiring him to incur electricity charges to recharge her cellular telephone.

23. Med-1 Solutions' phone harassment campaign and illegal collection activities have caused Crater actual harm, including but not limited to, invasion of privacy, nuisance, loss of

subscribed minutes, intrusion upon and occupation of Crater's cellular telephone capacity, wasting Crater's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. Concerned about the violations of her rights and invasion of her privacy, Crater sought counsel to file this action to compel Med-1 Solutions to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Crater's medical debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. Med-1 Solutions is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

### Violation(s) of 15 U.S.C. §§ 1692d, and d(5)

28. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

29. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

30. Med-1 Solutions violated 15 U.S.C. §§1692d, and d(5) by making no less than 10 collection calls to Crater's cellular telephone despite Crater's demand that they stop.

31. Crater may enforce the provisions of 15 U.S.C. §§1692d, and d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)  any actual damage sustained by such person as a result of such failure;

    (2)

        (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Crater requests the following relief:

a.  find that Med-1 Solutions violated 15 U.S.C. §§ 1692d, and d(5);

b.  award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.  grant any other relief deemed appropriate and equitable.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Med-1 Solutions placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Crater's cellular telephone number ending

   in 4198 utilizing an automatic telephone dialing system ("ATDS") without Crater's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

34. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

35. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

36. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

37. Upon information and belief, based on the lack of prompt human response during the collection calls Crater answered, Med-1 Solutions employed a predictive dialer to place collection calls to Crater's cellular telephone number ending in 4198.

38. Upon information and belief, the predictive dialing system employed by Med-1 Solutions transfers the call to a live representative once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

39. Med-1 Solutions violated the TCPA by placing no less than 10 calls to Crater's cellular telephone number ending in 4198 from December 11, 2017 to present-day utilizing an ATDS without Crater's consent.

40. As pled above, Crater was severely harmed by Med-1 Solutions' collection calls to her cellular telephone.

41. Upon information and belief, Med-1 Solutions has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular telephones.

42. Upon information and belief, Med-1 Solutions knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Crater's expense.

43. Med-1 Solutions acted through its agents, employees, and/or representatives at all times relevant.

44. As a result of Med-1 Solutions' violations of 47 U.S.C. § 227 *et seq.*, Crater is entitled to receive no less than $500.00 in statutory damages, for each and every violation.

45. As a result of Med-1 Solutions' *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Crater is entitled to receive no less than $1,500.00 in statutory damages, for each and every violation.

WHEREFORE, Crater requests the following relief:

a. find that Med-1 Solutions violated the TCPA;

b. enjoin Med-1 Solutions from placing any further calls to Crater's cellular telephone number ending in 4198 in the future;

c. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

March 1, 2018                                                                 Respectfully submitted,

*/s/ Joseph Scott Davidson*

                                      Joseph Scott Davidson
                                      Mohammed Omar Badwan
                                      **SULAIMAN LAW GROUP, LTD.**
                                      2500 South Highland Avenue
                                      Suite 200
                                      Lombard, Illinois 60148
                                      +1 630-575-8181
                                      jdavidson@sulaimanlaw.com
                                      mbadwan@sulaimanlaw.com

                                      *Counsel for Katrice Crater*